GEORGE M. LINDSAY v. HAMBURG BREMEN INSURANCE COMPANY.

*Contract in Writing, Construction of.*

Where the letters between the parties constitute a written contract, it devolves upon the Court to ascertain the intention of the parties, and to declare their rights thereunder.

This was a CIVIL ACTION, heard upon appeal from a Justice of the Peace, by *Brown, J.*, and a jury, at May Special Term 1894, of GREENE Superior Court.

The plaintiff complained upon a special contract, and when the case was called for trial, by consent of defendant's counsel, plaintiff was allowed to amend his complaint so as to set out a second cause of action for the value of services rendered, as upon a " *quantum meruit.*"

Plaintiff introduced in evidence the correspondence, as follows:

Letter from John W. Gordon to W. J. Jordan:

"RICHMOND, VA., Nov. 20, 1893.

"*W. J. Jordan, Esq., Snow Hill, N. C.*

"DEAR SIR: I am in receipt of yours of the 17th instant,

enclosing copy of summons served on you. This is not a valid summons, as you are in nowise agent for the Hamburg Bremen Insurance Company, and have no right to accept service for them. The law of North Carolina requires the appointment of a general agent of the State who may accept service in all cases of this kind, and that man is Joseph D. Smith of Wilmington. However, we do not wish judgment to be obtained against us by default, and I write now to ask you to ask Mr. Lindsay, of whom you have written me several times, to put in an answer for us next Monday. On November 15 I wrote you the enclosed two letters, but just as I was about to mail them I received a letter from Mr. Orren Williams which led me to suppose that he might have made Mr. Fields very recently some definite proposition for a compromise either to him or his attorney Governor Jarvis. I therefore withheld these letters, waiting to hear further from Mr. Williams. You will see that the letter on the large sheet is so worded that you could show it to Mr. Fields, and it might induce him to make a compromise settlement with us for $1,000. The other, short letter, addressed to you confidentially, was explaining the matter. I now enclose both of them. * * *

" Please endeavor to make a specific agreement as to fee with Mr. Lindsay for his services next Monday, or at the Appearance Term of Court. This fee for simply filing an answer should be very small, but to avoid any misunderstanding I will be glad if you will engage him for a definite fee and advise me. I suppose he would not charge over $10 for this service. Any subsequent service to be performed when the case comes on for trial of course I will open correspondence with him and make a definite arrangement.

" Please bear in mind, however, as I have always said, we would prefer to have the matter compromised, and if Mr. Fields is disposed to settle for $1,000 cash I will send him draft for that amount, which will be much better for him in

the end than if he gets a verdict against us for the whole amount; his lawyers and costs will not be much less than fifty per cent. on whatever amount he may recover.

"Very truly yours,

"JNO. W. GORDON, *G. A.*"

Letter from John W. Gordon to George M. Lindsay:

"RICHMOND, VA., November 29, 1893.

" *Geo. M. Lindsay, Esq., Snow Hill, N. C.*

"DEAR SIR: Your esteemed favor of the 24th instant came duly to hand and has been carefully noted. 'Now as to your fee, there was no previous agreement as to what was to be charged for putting in an answer for us this week. I will leave that to you to make what you believe to be reasonable, but for any future service after this term of Court you will have to make a specific agreement, as the company will not engage an attorney in any other way, for the reason that they have had with one or two attorneys serious misunderstandings after the service was performed about proper charges, and they have, several years ago, adopted and rigidly adhere to the rule of insisting upon a specific in every case before employing an attorney.'

"I note you concur in my opinion that the service upon Mr. Jordan is not valid, and that you will put in a special appearance for the company and move to dismiss the claim for want of sufficient service, all of which I think is very proper.     *     *     *

"I do wish, however, this loss to be compromised, if possible, before the trial term of Court, and if you succeed in getting the case dismissed at this term on account of improper service, I should think you might be able to compromise it for seven or eight hundred dollars. Of course we will pay you a fee for your services in compromising the case in addition to your services in appearing for us at this term of Court.

I received a letter from Mr. Williams day before yesterday, saying that Governor Jarvis had offered to settle for $1,100, and told Mr. Williams that he would submit the proposition to his client and advise him to accept it, and that Mr. Williams, in the meantime, could submit the proposition to his company. I have not made any reply yet to Mr. Williams because I have been waiting, hoping to hear from you that you had made some better settlement, or gotten some better offer than $1,100 from Mr. Fields.

"As to your fee for compromising, I think ten per cent. of whatever sum you succeed in settling for less than $1,100 would be fair in addition to your fee for services at this term of Court. That is, if you settle for $1,000 you save $100 on Governor Jarvis' offer, ten per cent. of which would be $10; if you settle for $900 your fee would be $20; if for $800 your fee would be $30, and so on. If you do not think that fair, we might say fifteen per cent. of the amount thus saved.

" Waiting to know the result of the present term of Court, and of your efforts to compromise, I am

"Yours very truly,

"JOHN W. GORDON, G. A."

Letter from George M. Lindsay to John W. Gordon:

"SNOW HILL, N. C., Dec. 4, 1893.

" *John W. Gordon.*

" MY DEAR SIR: I have not succeeded in compromising the W. R. Fields claim against the Hamburg Bremen Company. I made the motion to dismiss the case for insufficient service of summons and I brought them to terms. Judge Connor and Capt. Swift Galloway were the attorneys on the other side, and they agreed if I would not press the motion to dismiss, that the case should not stand for trial at the next term of our Court, but at the second term, which does not convene until August, and the next term, which is in Feb-

ruary, will be the Appearance Term, and the pleadings are to be filed as of that term. I had this stated on the docket so as to make it binding. This has all the beneficial features of a dismissal, as it delays the trial just as long as if the action was dismissed and begun again, and in this time I think Mr. Fields will want to compromise. It might be very difficult to settle with Mr. Fields for less than $1,000, or even at that sum, because you had offered him this sum before I was engaged. If you had not made this offer I think it probable that I could have settled with him for less—however, I think it best to let him sweat awhile and cool off from the effects of the fire, and perhaps he will realize that he did not have as many goods in his store as he thinks now that he had. You want me to state what my charges are. You can send me a check for a retainer fee of fifty dollars, and when I try the case I will charge you fifty dollars more, and then if it goes to the Supreme Court I will charge you fifty if I lose and a larger fee if I win it. I think this is very reasonable, in fact, it is just as low as I charge my home clients in cases involving an equal amount. If I can compromise the case on terms satisfactory to the company I will charge the same as if I tried it in the Superior Court. A lawyer always charges the same to settle a suit by compromise as he does to try the case in Court; it is usually more trouble and vexation to compromise than to try the case. If my charges are not satisfactory send me a check for $25 for what I have done and then get some other attorney, for I cannot afford to do the work for less. I do not need anyone to help me, as I feel that I can do the work as well as if you had more lawyers, but if you desire to have other counsel I have no objection, and if you desire to get other counsel in this State it might be to your interest to correspond with me as to whom it would be best to get, as I could perhaps engage them to aid me cheaper than you could do, and could perhaps suggest an attorney that would be of more service than

you could, but I have no objection to your following your own judgment in this matter. Hoping that my terms will be satisfactory to you, and that what I have done so far will please you, I am yours truly,

"GEO. M. LINDSAY."

*Receipt.*

"SNOW HILL, N. C., Dec. 16, 1893.

"Received of John W. Gordon, general agent, twenty-five dollars ($25) for attorney fee for appearing for the Hamburg Bremen Fire Insurance Company, at Greene County, N. C., Court, December 4, 1893, in the case of W. R. Fields *vs.* The Hamburg Bremen Fire Insurance Company.

"GEO. M. LINDSAY,
"*Attorney at Law.*"


Letter from John W. Gordon to W. J. Jordan:


"RICHMOND, VA., Dec. 14, 1893.

"*W. J. Jordan, Esq., Snow Hill, N. C.*

"DEAR SIR: You will please pay to Mr. Lindsay, our attorney, $25 and take his receipt on the enclosed voucher. We wish to pay this money to Mr. Lindsay at once and I have written him to call on you for it. We will write you under separate cover in regard to your account.

"Yours very truly,
(Signed)     "JOHN W. GORDON."


Letter from John W. Gordon to George M. Lindsay:


"RICHMOND, VA., Dec. 14, 1893.

"*George M. Lindsay, Esq., Snow Hill, N. C.*

"DEAR SIR: *In re* Fields' loss. On my return to Richmond after an absence of several days I find your esteemed favor of the 4th inst. I am very much pleased at the dis-

missal or postponement of the case for want of sufficient ser-
vice of summons, and fully agree with you that we had now
better rest awhile on our oars and give Mr. Fields time to
cool off and reflect.   He will probably approach you or my-
self for a compromise before the February Term of Court,
and I have no doubt the matter will be closed in that way.

"You will please call on Mr. Jordan, whom I have instructed
to pay you $25 for your services rendered, and for which
please give him voucher.   I would enclose check, but Mr.
Jordan owes me some money, and I suppose you had just as
soon have cash.   Now as regards future fees in case your ser-
vices are further needed : I beg leave to say that your charge
of $50 retainer and $50 when the case has been tried in the
Superior Court is satisfactory, and $50 more to be paid to
take the case through the Supreme Court if necessary.   That
is as far as your proposition is definitely stated.   You say if
you win the case in the Supreme Court you will charge a
larger fee.   I think the labor and trouble to an attorney is
the same whether he wins or loses the case, and we will not
enter into any agreement with any attorney without a defi-
nite understanding on every point.

" As to your fee for compromise, I do not at all agree with
you that you should charge the same as if you were to take
the case through Court.   Mr. Fields may come to you and
offer to accept a certain sum which we would be willing to
pay, and which would give you no trouble at all.   It has
always been our custom, and, I believe, that of almost all
companies, to pay for all compromises, and generally for
taking all suits through the Court, on the basis of the amount
saved.   I have no doubt Mr. Fields will accept now, if offered
him, $1,000, as I have just had a letter from Mr. Williams
saying that Governor Jarvis had walked into his office day
before yesterday very unexpectedly and asked where was his
$1,100.   We never offered any $1,100.   That was his propo-
sition.   Williams told him that we had dropped and were

not disposed to pay, even now, as much as we had at first offered.

" It is understood, then, that the fees above named, in case you conduct the matter through the Superior Court and the Supreme Court are agreed upon.   I have no desire whatever to take the case out of your hands and give it to any other attorney.   Your services, so far as I can judge, have been entirely satisfactory, and I do not propose to employ any other attorney.   Mr. Jordan will pay you the $25 for services, which ends the matter thus far.   If, however, the matter is not compromised before the February Term of Court I will send you $25 more, as a retainer, as I understand it was your intention to include the $25 to be paid now in the $50 retainer if you are further employed.

" Trusting this will all be satisfactory, I am yours very truly,

          (Signed)              " JNO.  W.  GORDON, *G. A.*"


Letter from Geo. M. Lindsay to John W. Gordon :


                    " SNOW HILL, N. C., Jan. 18, 1894.
" *John  W.  Gordon, Esq.*

" MY DEAR SIR: I learn through Judge Connor that the case of *W. R. Fields* v. *The Hamburg Bremen Fire Insurance Company* has been settled.   You seem in a hurry to settle it, but I am perfectly willing for it to be settled, though it is usual for clients to consult their attorney before any action is taken in such matters.   You stated in your letter that you agreed with me that we had better let ' Mr. Fields cool off and reflect awhile.'   I think the case could have been settled for $1,000, or perhaps less, but if the company is satisfied I am not interested.   I of course expect my fee in accordance with my letter to you, which was retainer fee $50, and $50 to try or compromise case.   You have paid me $25, which leaves a balance due me of $75, which amount you will

please send me at once. The case could not have been disposed of without my consent, and therefore Connor sent me your letter and asked me to get the Clerk to make the necessary entries on the docket. I had entered a general appearance for the company, and no disposition of the case out of term time could be made without I agreed to it, but I consented of course. I am always willing to any compromise that is satisfactory to my clients. Hoping to hear from you very soon, I am yours truly,

"GEO. M. LINDSAY."

Letter from John W. Gordon to George M. Lindsay:

"RICHMOND, VA., Jan. 19, 1894.

"DEAR SIR: I am in receipt of your favor of the 18th inst. and note contents. We did not see any prospect of settling the Fields loss before February Term of Court at less than $1,100, and as the company was anxious to get all outstanding losses settled before closing their books for the year 1893, preparatory to filing their report with the various insurance departments, I thought we had better close this matter.

"Your claim for additional fees is preposterous, and it is very well that I was so particular as I was to insist upon a plain understanding with you before engaging you. In your letter of December 4, after naming the terms on which you would further conduct the case if we desired it, you said: 'If my charges are not satisfactory, send me a check for $25 for what I have done, and then get some other attorney.' In the same you said: 'It will be very difficult to settle with Mr. Fields for less than $1,000, or even at that sum, because you had offered him that sum before I was engaged.' My reply to your letter dated December 14, 1893, leaves no room for doubt as to the understanding between us. The terms proposed by you in case your services should be wanted to

LINDSAY *v.* INSURANCE COMPANY.

take the case through the Superior Court and Supreme Court were discussed, and you were paid the twenty-five dollars charged for services rendered as stated in my letter of December 14, viz.: 'Mr. Jordan will pay you the $25 for services, which ends the matter thus far. If, however, the matter is not compromised before February Term of the Court, I will send you $25 more as a retainer.' You have never made any objection at all to the terms stated in this letter as understood and agreed between us.   *   *   *

"Yours very truly,

(Signed)        "JNO. W. GORDON, *G. A.*"

Letter from John W. Gordon to George M. Lindsay:

"RICHMOND, VA., Jan. 25, 1894.

"*Geo. M. Lindsay, Esq., Snow Hill, N. C.*

"DEAR SIR: Your remarkable communication of the 22d inst. has been received. Believing the language employed in our former correspondence regarding fees to be too plain and explicit to be misunderstood, I have submitted the entire correspondence to a prominent attorney of this city, and all I have now to say is, that you can proceed to carry out your threat of suit against the Hamburg Bremen whenever you choose.

"Very respectfully,

(Signed)            "JNO. W. GORDON."

Plaintiff testified that the receipt dated December 16 was signed by him before he had received the letter from John W. Gordon dated December 14, 1893, the same being presented to him by W. J. Jordan, who paid him the $25.

Plaintiff testified that the above correspondence was all that ever passed between himself and John W. Gordon, general agent of the defendant, relative to his employment as attorney for the defendant in the case of *W. R. Fields* v. *The Hamburg Bremen Fire Insurance Company.*

Plaintiff then offered to introduce evidence of the value of services upon *quantum meruit.* Defendant objected. Objection sustained. Exception by plaintiff.

Plaintiff testified that he signed the receipt of December 16, 1893, and received the $25 from W. J. Jordan, the agent of the defendant, before he received the letter from John W. Gordon, bearing date December 14, 1893; that he received said letter on the same day, December 16, 1893, but an hour in the day later than that upon which he signed the receipt.

The Court being of the opinion, upon all the testimony, that plaintiff was not entitled to maintain his action, rendered judgment for defendant, and plaintiff appealed.

*G. M. Lindsay,* for plaintiff.
No counsel, *contra.*

PER CURIAM: The letters of the defendant's agent to the plaintiff, and his replies thereto, constitute a written contract between the parties. It was for the Court, therefore, to ascertain the intention of the parties and to declare their rights thereunder. *Simpson* v. *Pegram,* 112 N. C., 541. The services to be rendered and their value were fixed by that written contract, upon which we think his Honor put the proper construction.                          Affirmed.